# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7922 | **DATE** | 8/27/2003 |
| **CASE TITLE** | Charles Dent vs. Bestfoods | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. Defendant's motion for summary judgment is granted. Status hearing set for 9/4/03 is stricken. Pretrial conference set for 9/26/03 is stricken. Jury Trial set for 10/27/03 is stricken. Any other pending dates are stricken. Any other pending motions are denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | AUG 27 2003 |
| | Notified counsel by telephone. | date docketed |
| ✓ | Docketing to mail notices. | |
| ✓ | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |

TH ✓  courtroom deputy's initials

CLERK U.S. DISTRICT COURT

03 AUG 27 PM 4: 11

FILED FOR DOCKETING

Date/time received in central Clerk's Office

Document Number 26

date mailed notice

mailing deputy initials

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

CHARLES DENT, )
)
          Plaintiff, )
)    No. 02 C 7922
      v. )
)
BESTFOODS, )
)
          Defendant. )

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Judge:

After losing his job of twenty-five years, Charles Dent filed a lawsuit against his former employer, alleging race discrimination and retaliation. Before the Court is Defendant's motion for summary judgment. For the reasons stated herein, the Court grants Defendant's motion.

## UNDISPUTED FACTS[1]

### I.       The Parties

Defendant, incorporated as Conopco, Inc., does business as Unilever Bestfoods North America ("Bestfoods"). Bestfoods manufactures mayonnaise at a facility in Chicago, Illinois. (R. 8-1, Answer ¶ 4; R. 17-1, Def.'s Statement of Undisputed Facts ¶ 6.)

Bestfoods hired Charles Dent, an African-American, as a forklift operator in July 1975. (R. 8-1, Answer ¶ 3; R. 17-1, Def.'s Statement of Undisputed Facts ¶ 15-16.) Dent acted as the chief steward of his union from 1989 through 1998, and again from June to October 2000. (R. 17-1, Def.'s Statement of Undisputed Facts ¶ 18.) Beginning in 1993, Dent began complaining and bringing charges of discrimination on behalf of himself and other employees.

### II.      Dent's Conduct Leading Up To Termination

Bestfoods has an employee "Guide to Conduct." Bestfoods required all employees to

---

[1] On several occasions, Dent and Bestfoods respond to the other's Local Rule 56.1 statement with a denial without a citation to evidence. A proper denial, however, must include "specific references to the affidavits, parts of the record, and other supporting material relied upon" that show a disagreement. Local Rule 56.1(b)(3)(A). Where the responding party has failed to cite to evidence, the Court deems the underlying statement undisputed.

comply with this handbook. (R. 17-1, Def's Statement of Undisputed Facts ¶ 29.) From 1995 to 1997, Bestfoods disciplined Dent on three occasions for purported disorderly conduct and abusive language in violation of the Guide to Conduct. (*Id.* ¶ 32.) Bestfoods also informed Dent on October 4, 1996 that he had to control his emotions, and that it would not tolerate any further outbursts. (*Id.* ¶ 33.) In 1997, Bestfoods issued Dent a final warning. (*Id.* ¶ 34.) That warning stated, in part, that "[f]uture outbursts of this type will result in further disciplinary action up to and including discharge." (*Id.* ¶ 34.)

### A.    Dent's Incident with Blanks

Starting in February 1999, Warren Blanks assumed primary responsibility for all aspects of Bestfoods' human resources, including labor relations, employment relations, hiring, staffing, discipline, benefits, and compensation. (R. 17-1, Def.'s Statement of Undisputed Facts ¶ 12.) On June 16, 1999, Dent attended a meeting with Blanks and Alonzo Singleton. (*Id.* ¶ 35.) Singleton was acting as the chief union steward at the time. (*Id.*) The parties dispute what happened at that meeting. According to Bestfoods, Dent threatened Blanks by inviting him to meet Dent on a street corner. (*Id.*) Dent claims that he did not threaten Blanks, but instead invited him to play basketball with him. (R. 20-1, Pl.'s Statement of Add'l Facts ¶ 9.)

### B.    Last Chance Agreement

After this incident, Blanks reviewed Dent's personnel record. (R. 17-1, Def's Statement of Undisputed Facts ¶ 36.) Blanks found Dent's previous citations for violating the Guide to Conduct. (*Id.*) Blanks initially decided to terminate Dent, but later provided him with a Last Chance Agreement instead. (*Id.* ¶ 39.) The Last Chance Agreement stated that Dent's continued employment would be at the sole discretion of the company and that any future misconduct would be grounds for immediate discharge. (*Id.* ¶ 42.) On June 17, 1999, Dent, Blanks and Singleton met and signed the Last Chance Agreement. (*Id.* ¶ 40.)

### C.    Dent's Incident with Lockett and Benton

On October 12, 2000, Les Lockett, a supervisor for Bestfoods, noticed that Dent was not

2

wearing his Bestfoods uniform. (R. 17-1, Def's Statement of Undisputed Facts ¶¶ 48, 53.) Instead, Dent was wearing a shirt that had another company's logo on it. (*Id.*) Lockett told Dent that he should be wearing a Bestfoods shirt, and offered to provide him with one. (*Id.* ¶ 55.)

Dent told Lockett to talk to Dent's supervisor if he had a problem. (*Id.* ¶ 56.) Lockett informed Dent that he *was* a supervisor. (*Id.* ¶ 57.) Dent started to either charge or walk towards Lockett. (*Id.* ¶ 61.) When Dent was nearly close enough to touch Lockett, another employee drove his forklift between the two men. (*Id.* ¶¶ 61-62.) That employee told Dent to go back to work. (*Id.* ¶ 62.)

Instead of returning to work, Dent and Lockett went to the production office to talk to the shift superintendent, Steve Murphy. (*Id.* ¶ 65.) While walking into the production office, Dent began yelling that he did not have to put up with any harassment from Locket.[2] (*Id.* ¶ 67.) Murphy asked Dent to stop yelling and to take a moment to settle down. (*Id.* ¶¶ 68-69.) When Lockett was explaining his version of the events, Dent began shouting at him. (*Id.* ¶ 74.) Dent became more agitated and stated that he was not afraid of Lockett or anyone else. (*Id.* ¶ 77.)

### D. Blanks Investigates Incident

The next day, Blanks met with Lockett and other witnesses to the previous day's incident. (R. 17-1, Def's Statement of Undisputed Facts ¶ 84.) Blanks thereafter suspended Dent pending further investigation. (*Id.* ¶ 85.) On October 31, 2000, Bestfoods terminated Dent's employment. (*Id.* ¶ 92.) Bestfoods cited Dent's "disorderly and disruptive conduct" in violation of his Last Chance Agreement as its reason for dismissal. (*Id.* ¶ 93.)

## ANALYSIS

Bestfoods moves for summary judgment on Dent's racial discrimination and retaliation claims. Bestfoods claims that the undisputed facts show that Dent cannot establish that it

---

[2] Dent attempts to dispute Bestfoods' characterization of his conduct while in the production office by citing to testimony that solely relates to Dent's conduct while he was on the production floor. Dent has not referenced any evidence that disputes that he began shouting in the production office.

discriminated against him based on his race. Additionally, Bestfoods contends that the undisputed facts establish that Dent cannot show that it dismissed him in retaliation for engaging in statutorily protected activity. In response, Dent confuses the issues by claiming only that he can prove his claims of "retaliation based on race." (R. 19-1, Pl.'s Response to Mot. for Summ. J. at 3.)

Retaliation and race discrimination, however, are two distinct theories of recovery. While both fall under Title VII and require an adverse employment action, a plaintiff alleging race discrimination must show that the employer's actions were motivated by its bias against his race. 42 U.S.C. § 2000e-2(a)(1). In contrast, a plaintiff alleging retaliation must show that the employer's decisions were due to its disapproving of his statutorily protected activity. 42 U.S.C. § 2000e-3(a). In other words, race is the centerpiece of the former theory. In the later theory, race is often irrelevant.

## I.    Standard

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Ind.*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

The party seeking summary judgment has the burden of proving that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The party bearing the burden of proof on a particular issue, however, may not rest on its pleadings, but must affirmatively demonstrate that there is a genuine issue of material fact. *Id.* at 324, 106 S.Ct. at 2553. A mere scintilla of evidence in support of the non-movant's position is insufficient to demonstrate the existence of a genuine issue of material fact.

*See Anderson,* 477 U.S. at 252, 106 S.Ct. at 2512. A party will be successful in opposing summary judgment only if it presents "definite, competent evidence to rebut the motion." *E.E.O.C. v. Sears, Roebuck & Co.,* 233 F.3d 432, 437 (7th Cir. 2000).

In evaluating a summary judgment motion, the Court construes the evidence in the light most favorable to the non-movant and draws all reasonable inferences in its favor. *Lesch v. Crown Cork & Seal Co.,* 282 F.3d 467, 471 (7th Cir. 2002). The Court will accept the non-movant's version of any disputed facts if the non-movant supports those facts with relevant, admissible evidence. *Bombard v. Fort Wayne Newspapers, Inc.,* 92 F.3d 560, 562 (7th Cir. 1996).

## II. Bestfoods Is Entitled To Summary Judgment On Dent's Claims

To survive summary judgment on his race discrimination claim, Dent must show that the record contains some evidence that he was terminated because of Defendant's discriminatory motive. *Adreani v. First Colonial Bankshares Corp.,* 154 F.3d 389, 393 (7th Cir. 1998). Dent can accomplish this through either direct evidence or the indirect burden-shifting method of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

### A. Dent has not Produced Direct Evidence of Defendant's Unlawful Motive

Dent puts forth a letter that Bestfoods sent to the union on August 30, 2000 as his direct evidence of discrimination and retaliation. In that letter, Bestfoods' manager of human resources states:

> on several occasions Mr. Dent has threatened to call outside agencies such as OSHA, NLRB, EEOC, Jessie Jackson and Operation PUSH, as well as made numerous threats to "shut the plant down," and write letters . . . to Bestfoods CEO Dick Shoemate. Understand, the prior chief steward and I did not always see eye to eye, however, we could always agree to disagree and if necessary follow the grievances and arbitration procedures outline in the labor agreement. Threats and accusations were never haphazardly thrown around and we could always leave a meeting with cordiality.

Dent points out that Bestfoods sent this letter only weeks before the incident leading to his

5

suspension and dismissal. Between this letter and his termination, Dent claims that he complained about discrimination to Bestfoods. He argues that this letter is direct evidence of Bestfoods' discriminatory motive.

Dent is mistaken. Direct evidence, which is highly unusual, is an admission by the decision-maker of the employer's unlawful intent. *Rogers v. City of Chicago*, 320 F.3d 748, 754 (7th Cir. 2000); *Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 616 (7th Cir. 2000). To show direct evidence exists, a plaintiff must produce a statement that amounts to a smoking gun, such as, "I fired you because of your race" or "I fired you because you filed an EEOC charge." *See Robin v. Espo Engineering Corp.*, 200 F.3d 1081, 1088 (7th Cir. 2000). This letter is a far cry from a smoking gun. It does not threaten Dent. It only mentions that Bestfoods' management had better relations with the union when someone besides Dent was chief steward. Accordingly, Dent has not met his burden of showing Bestfoods' unlawful intent through direct evidence.

### B.    Dent has not Produced Sufficient Indirect Evidence of Defendant's Unlawful Motive

Failing to provide direct evidence of discrimination, Dent must then proceed under the indirect burden-shifting method. With Dent's race discrimination claim, he must initially provide evidence of four elements: (1) that plaintiff belongs to some protected class, (2) that he performed his job satisfactorily, (3) that he suffered an adverse employment action, and (4) that his employer treated similarly-situated employees outside his classification more favorably. *See McDonnell Douglas Corp.*, 411 U.S. at 802. Dent must proceed in a similar manner with his retaliation claim. To establish retaliation, Dent must initially show that: (1) he was subjected to an adverse employment action; (2) no similarly situated employee who did not engage in the statutorily protected activity was subjected to that adverse employment action; and (3) he was performing his job in a satisfactory manner. *Stone v. City of Indianapolis Pub. Utils. Div.*, 281 F.3d 640, 644 (7th Cir. 2002).

If Dent meets these *prima facie* tests, the burden of production shifts to Bestfoods to

articulate some legitimate, nondiscriminatory reason for its employment decision. *Id.* Once the employer submits this proffered reason, the burden then shifts back to Dent to show that his employer's stated reason is merely pretextual. *Hong v. Children's Mem'l Hosp.*, 993 F.2d 1257, 1261 (7th Cir. 1993). Bestfoods argues that Dent cannot establish his *prima facie* case for either race discrimination or retaliation. Bestfoods also maintains that Dent cannot show that its reasons for termination were a pretext for race discrimination or retaliation.

> **1.    Dent cannot establish a *prima facie* case of race discrimination or retaliation**

Dent fails his initial burden of establishing a *prima facie* case of race discrimination and retaliation. Both causes of action require Dent to show that he was meeting his employer's legitimate expectations. Dent fails in this regard. He argues that he met Bestfoods' legitimate expectations because there were no complaints "about the work he was paid to do, that is, operating a forklift." (R. 19-1, Pl.'s Response to Mot. for Summ. J. at 3.) While it is true that Dent apparently operated forklifts to Bestfoods' satisfaction, Bestfoods' legitimate expectations go beyond the operation of the forklifts. An employer's legitimate expectations certainly include its employee's attitude and treatement of co-workers and supervisors. *Fontana v. Henry Birks Jewelers, Inc.*, No. 85 C 5339, 1986 WL 10781, at *2 (N.D. Ill. Sept. 25, 1986) (employer has a "legitimate expectation of a cooperative attitude toward supervisors from employees."). The undisputed facts shows that Dent's attitude and treatment of supervisors did not meet his employer's legitimate expectations. On October 12, 2000, Dent yelled at Lockett in the production office. This type of behavior unquestionably violated the Last Chance Agreement. It also violated the Guide to Conduct, which states that "[f]ailure or refusal to carry out a specific order or instruction . . . or any other act of insubordination" is considered cause for immediate discharge. Dent does not contest these points. Accordingly, he cannot make a *prima facie* showing of race discrimination or retaliation because he was not meeting his employer's legitimate expectations. *Jackson v. Commonwealth Edison*, No. 87 C 4449, 1989 WL 105273, at

7

*15 (N.D. Ill. July 6, 1989) (incident where plaintiff told supervisor that his comments were "bullshit" and that his advice "stinks" was alone enough to show that plaintiff was not meeting his employer's legitimate expectations); *Fontana*, 1986 WL 10781 at *2 (plaintiff that admits to a string of insubordinate behavior and ongoing friction with supervisor did not meet employer's legitimate expectations).

Independently, Dent cannot meet his *prima facie* burden for race discrimination because he cannot show that he was treated less favorably than similarly situated employees who are not African-American. Dent does not argue that similarly situated non-African Americans exist. In any event, the factual record would not support such an assertion. Therefore, Dent cannot make a *prima facie* showing of race discrimination based on indirect evidence.

### 2. Dent's race discrimination and retaliation claims fail to show that Bestfoods' reason for termination was pretextual

Bestfoods states that it terminated Dent because he failed to abide by the Last Chance Agreement and the Guide to Conduct on October 12, 2000. Bestfoods claims that he engaged in disruptive, threatening and insubordinate conduct with Lockett. This proffered reason for termination is sufficient for Bestfoods to meet its burden of production. "[A]n employer may terminate an employee for any reason, good or bad, or for no reason at all, as long as the employer's reason is not proscribed by a Congressional statute . . . No such statute proscribes the discharge of an employee who exhibits inappropriate behavior while on the job." *Kahn v. United States Secretary of Labor*, 64 F.3d 271, 279 (7th Cir. 1995).

To prove that a proffered reason is pretextual, a plaintiff must show it to be "a dishonest explanation, a lie rather than an oddity or an error." *Kulumani v. Blue Cross Blue Shield Ass'n*, 224 F.3d 681, 685 (7th Cir. 2000). Nothing in the factual record indicates that Bestfoods' proffered reason is dishonest. In fact, the undisputed facts show that Dent did indeed engage in this inappropriate behavior after Bestfoods had provided him with one last chance. Under these circumstances, there is no genuine dispute as to whether Bestfoods' proffered reason for

termination is pretextual.

## CONCLUSION

Dent has failed to show that a genuine issue of material fact precludes summary judgment. Dent has not introduced direct evidence of race discrimination or retaliation. Additionally, Dent cannot establish a *prima facie* case of discrimination using indirect evidence. Further, the undisputed facts show that Bestfoods' proffered reason for termination is not pretextual. Accordingly, no triable issue exists and Defendant is entitled to judgment as a matter of law.

Dated: August 27, 2003                                ENTERED:

                                                      AMY J. ST. EVE
                                                      U.S. District Court Judge